UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

ERIC GRAHAM LANGSTON                    CASE NO.: 3:22-CV-126

VERSUS

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANSWER TO PLAINTIFF'S ORIGINAL PETITION
WITH AFFIRMATIVE DEFENSES

NOW INTO COURT, comes Defendant, American National Property and Casualty Company ("ANPAC" and/or "Defendant"), appearing in its capacity as a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] at the expense of the United States treasury[4] for the purpose of answering the Plaintiff's Original Petition filed by the Plaintiff and to assert affirmative defenses thereto:

I.      Parties

1.      The allegations contained in paragraph 1 of the Plaintiff's Original Petition are admitted upon information and belief.

2.      The allegations contained in paragraph 2 of the Plaintiff's Original Petition are admitted.

---

[1] *See* 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 12/10/07); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[4] *Grissom v. Liberty Mutual Fire Insurance Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

## II. Discovery

3. The allegations contained in Paragraph 3 of the Plaintiff's Original Petition are denied as discovery in this matter will be conducted pursuant to and in compliance with the Federal Rules of Civil Procedure and any issuing directives and/or scheduling order issued by the Court.

## III. Damages

4. The allegations contained in Paragraph 4 of the Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein.

## IV. Facts

5. The allegations contained in Paragraph 5 of the Plaintiff's Original Petition are admitted in part and denied in part. ANPAC admits that in its capacity as NFIP WYO Program insurance carrier, it issued an NFIP Standard Flood Insurance policy ("SFIP"), number 87062651952020 that was revised on or about December 15, 2020 to reflect Eric Graham Langston as the named insured for property located at and identified in the Flood Policy Declarations page as 6 Whittier Drive, Friendswood, TX 77546 with the policy term from June 12, 2020 to June 12, 2021. Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Part 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions as are incorporated fully herein by reference as if copied in extenso. Any remaining allegations not specifically admitted are denied.

6. The allegations contained in Paragraph 6 of the Plaintiff's Original Petition are denied.

7. The allegations contained in Paragraph 7 of the Plaintiff's Original Petition are admitted in part and denied in part. The allegations in the first sentence regarding what the Defendant's insurance policy provides as alleged appear to be a summary of existing law and an excerpt from

the SFIP at Article VII(H)(3)(a) and to the extent that they are accurate are admitted, but otherwise denied. All remaining allegations not specifically admitted are denied.

8.  The allegations contained in Paragraph 8 of the Plaintiff's Original Petition are denied.

## V.  Causes of Action

9.  The allegations contained in Paragraph 9 of the Plaintiff's Original Petition subsections a, b, and c are denied. In further answer, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

## VI.  Remedies

10. The allegations contained in Paragraph 10 subparagraphs a, b, c, d, and e of the Plaintiff's Original Petition are are denied. In further answer, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

## VII.  Request for Disclosures

11. The allegations contained in Paragraph 11 of the Plaintiff's Original Petition are denied are denied as discovery in this matter will be conducted pursuant to and in compliance with the Federal Rules of Civil Procedure and any issuing directives and/or scheduling order issued by the Court.

## Prayer

12. The allegations contained in the Prayer paragraph of the Plaintiff's Original Petition are denied. In further answer, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

## AFFIRMATIVE DEFENSES

AND NOW, IN FURTHER ANSWER, COMES Defendant, American National Property and Casualty Company, to submit the following Affirmative Defenses to Plaintiff's Original Petition, to wit:

### NO CAUSE OF ACTION

The Plaintiff's Original Petition fails to state any claims upon which relief may be granted by this Honorable Court.

### NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that the Plaintiff seeks any recovery from Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

### THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Defendant, to the insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the insured has no cause to complain of the strictures of the NFIP, for he agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

### CHARGED WITH KNOWLEDGE AND NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiff is charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP. *See Fed. Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by

the SFIP is void as a matter of federal law. 44 C.F.R. § 61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiff is charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins. *Heckler*, 467 U.S. at 63. Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(2), Arts. VII(J)(5), (7) and (8); *see also Heckler*, 467 U.S. at 63; *Richmond Printing LLC v. Dir., FEMA*, 72 F.App'x 92, 97-98 (5th Cir. 2003); *Worthen v. Galveston Ins. Assocs.*, No. Civ.A. H-02-4795, 2010 WL 3816044, *2 (S.D.Tex. 2000); *Ellis v. Texas Farmers Ins. Co.*, No. Civ.A. H-02-4795, 2005 WL 1155060, *6 (S.D.Tex. 2005).

## DUTIES OF THE INSURED

The insured is responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, coverages and exclusions. Defendant specifically avers that Plaintiff failed to renew the SFIP despite the renewal and cancelation notices issued.

## THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## FISCAL AGENT STATUS

By statute, Defendant is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds

are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019. Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

## DEFINITIONS

Defendant pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Application, Cancellation, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Policy, Flood, You, Your, Valued Policy, etc. Defendant further avers that said definitions must be strictly construed, interpreted and enforced.

## STRICT CONSTRUCTION AND INTERPRETATION

Defendant pleads that, as all claims under the SFIP are made with U.S. Treasury funds out of segregated accounts maintained by the WYO Program carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution. *See* 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties. *Grissom*, 678 F.3d. 397.

## U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

## CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the insureds' prior compliance with "all the requirements of the policy." In order to obtain the

federal benefits that the insured is seeking under the policy, the insured must meet the burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

### DOCUMENTATION AND PROOF OF COMPLETED REPAIRS

Defendant asserts that Plaintiff failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in the pre-suit demand. Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans, line-by-line item estimates and specifications for repair. Further, as per Article VII(J)(3) and VII(V), the insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress. Additionally, the insured should provide the requested documentation in such a format as to clearly show how the materials, supplies and repairs correlate to damaged items claimed.

### WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements. *See* 44 C.F.R. §§ 61.13(d), 62.23(k); SFIP Article VII(D), which are pled herein as though contained *in extenso*. Defendant affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. The Federal Insurance Administrator ("FIA") is the sole authority. Defendant is not aware of any waiver specific to the

Plaintiff in the captioned matter.

## TIME LIMITATIONS

In the event Plaintiff's lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Defendant to the insured then Plaintiff's suit is time barred. *See* 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

## NO BREACH OF DUTY

There was no breach of any duty owed by Defendant to the Plaintiff. There was no causation and no damage attributable to any alleged act, error or omission by Defendant in this case. Defendant avers that the Plaintiff has not been damaged as a result of any alleged action or inaction on the part of Defendant.

## MITIGATION

If any of the insured's damages are a result of a failure by the insured to take reasonable steps to mitigate the loss, those damages are not recoverable.

## CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C §§ 1011-15), Defendant asserts under the Commerce Clause that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

## PAYMENT FOR THE HANDLING OF CLAIMS

Defendant has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an insured under an SFIP. In other words, the greater the amount paid to an insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

## PRIOR PAYMENTS

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYMENT AND LOSS PAYEES

Defendant asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as an affirmative defense. In the event of any recovery by the insured, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

## IMPROPER PAYMENTS INFORMATION ACT

Unless Plaintiff can establish that he has submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. § 3321 note (Supp. III 2003).

## PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

9

## NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

## CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed.

## CLAIMS ADJUSTMENTS

Defendant pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement", WYO Companies will adjust claims in accordance with general Company standards, guided by the NFIP Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

## NOT GENERAL AGENT

Defendant is not the general agent of the U.S. Government.  *See* 44 C.F.R. § 62.23(g).

## SFIP IS A SINGLE RISK POLICY

The Plaintiff is not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See* Articles I and II (B)(21) of the SFIP.

## COMPLIANCE REQUIREMENT

Defendant asserts as an affirmative defense 44 C.F.R. §60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood plain

management plan. The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

## PROPERTY COVERED

Defendant asserts as an affirmative defense the provisions of ARTICLE III-PROPERTY COVERED which includes those specific items of property for which coverage is provided and/or restricted under the SFIP even if the damages to those items were caused directly by or from flooding.

## PROPERTY NOT COVERED

Defendant avers as an affirmative defense the provisions of ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP, even if the damages to those items were caused directly by or from flooding.

## EXCLUSIONS

Defendant avers as an affirmative defense those exclusions contained in ARTICLE V – EXCLUSIONS, particularly including but not limited to earth movement, water, moisture, mildew and mold exclusions.

## LOSS SETTLEMENT

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.R. Pt. 61, App. A(1), Article VII(V) – LOSS SETTLEMENT.

## PRIOR LOSS

If it is determined that Plaintiff's property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, but proper repairs were not made to the property, then Defendant avers that payment cannot be made again for those same damages. The burden is on the Plaintiff to present proof that the prior loss was remediated and that additional

payments are not duplicative. Defendant asserts, but is not limited to SFIP Article VII(K) in this regard.

## APPRAISAL CLAUSE

If this Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

## AGENT OF THE INSURED

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

## BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiff seeks to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

## OFFSET & DOUBLE RECOVERY

There can be no double recovery for the alleged flood damages. Moreover, Defendant would be entitled to an offset of the percentage of liability attributable to third parties. In addition, Plaintiff's claims may be barred or reduced in part by the comparative negligence of the Plaintiff or third parties that contributed to the Plaintiff's negligence.

## PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App.

A(1), Art. VII(J)(4). It is Plaintiff's burden to establish that he strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). Defendant specifically asserts that Plaintiff failed to timely submit an accurate, valid, properly signed and sworn Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support their claim for additional U.S. Treasury funds. As such, Plaintiff's claim for additional funds is barred.

## RE-INSPECTION OF PROPERTY

Defendant asserts that it has not yet had the opportunity to re-inspect the insured property pursuant to the Plaintiff's request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2). *See* the provisions of the FEMA NFIP *Flood Insurance Claims Handbook*, at page 7, which Defendant asserts as a right and a defense.

## OVERHEAD AND PROFIT

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiff is not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

## OFFICE OF GENERAL COUNSEL REVIEW

Defendant asserts that it reported this litigation to FEMA as required after it was served with this lawsuit as required per the "Arrangement," and that Defendant has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

## ANTI-ASSIGNMENT OF CLAIMS ACT

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

## FEMA FLOOD INSURANCE MANUAL

Defendant asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiff's SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. See https://www.fema.gov/flood-insurance-manual.

## THE ARRANGEMENT

Defendant, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/media-library/assets/documents/17972.

## FEMA BULLETINS

Per the "Arrangement" (at Arts. I (5) and (6), II(A)(2) and (G)), Defendant shall abide by written guidance published by FEMA.

## THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS

The SFIP, codified at 44 C.F.R. Part 61, Appendix A(1), is the best evidence of the terms and conditions of said federal insurance policy.

## FEMA CLAIMS MANUAL

Defendant asserts that the FEMA Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of Plaintiff's SFIP. *See* https://www.fema.gov/media-library/assets/documents/169284.

## NO TRIAL BY JURY

Defendant submits that jury trial is not available against ANPAC in the context of an NFIP claims suit against a WYO carrier. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397 (5th Cir. 2012).

## DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted

herein, that all allegations contained in the Plaintiff's Original Petition that have not been specifically admitted are hereby denied.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiff's Original Petition and to assert additional affirmative defenses as future discovery may warrant and require.

## PRAYER

WHEREFORE, Defendant, American National Property and Casualty Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all of Plaintiff's claims against Defendant, American National Property and Casualty Company, with prejudice, and at Plaintiff's costs.

Dated: May 2, 2022

Respectfully submitted,

**NIELSEN & TREAS, LLC**

*/s/ Keith M. Detweiler*
Keith M. Detweiler, T.A., TX Bar 24052089
Federal ID No. 968480
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 603.0730
Email: kdetweiler@nt-lawfirm.com
*Counsel for Defendant, American National Property & Casualty Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. It is further certified that a true copy hereof was emailed and/or mailed to the following:

    Keith A. Gross
    The Law Office of Keith A. Gross
    250 Park Avenue
    League City, Texas 77573
    Email: attnykgross@aol.com

                                            */s/ Keith M. Detweiler*
                                            Keith M. Detweiler